## Leichhardt et al. v. Norheimer.

(Decided January 19, 1932.)

LEE HAMILTON and JOHN IRICK for appellants.

DELOZIER MOXLEY for appellee.

68

Opinion of the Court by Judge Richardson—Reversing.

Jeffersontown is a city of the sixth class, situated in the county of Jefferson, state of Kentucky. D. Leichhardt, P. K. Miller, C. F. Jasper, David Fenley, and B. J. Frederick were the duly elected and acting trustees of Jeffersontown during the period of time in which the transactions involved in this action occurred. Emil Norheimer was a resident of the city of Louisville, engaged as a contractor under the firm name of Norheimer Bros. The city of Jeffersontown, by its board of trustese, determined to have constructed within the city certain sidewalks. It advertised for bids. The sidewalks to be constructed and the labor and material required to construct the same were described in its advertisement. Emil Norheimer submitted a written bid, which was accepted by the city, and the contract for the construction of the sidewalks was entered into by him and the city. By the written contract, he agreed to construct the sidewalks according to certain specifications with designated materials. It was provided in the contract that, in the event any property owner did not pay for the sidewalk in front of his property, then the city was to pay Norheimer therefor. Norheimer executed his contract, and the sidewalks were accepted by the city, but certain crossings were constructed by Norheimer which were not included in his written contract with the city. After he furnished the materials and completed the extra work required to complete the crossings as per an oral agreement between him and the city, the trustees agreed to pay him, and he agreed to accept, $400 for the extra labor and materials necessary and required to construct the crossings. Failing, as Norheimer claims, to pay him for the extra labor and material, he filed this action against the trustees as individuals, seeking to recover of them the amount claimed by him for the extra labor and material. The city of Jeffersontown was not made a party. By an amended pleading, Adolph Norheimer was made a plaintiff and permitted to join Emil Norheimer in the prosecution of the action. The petition was amended four times, and it would require too much space and time to set out in this opinion the substance of the original and the four amended petitions. The Norheimers predicated their right to recovery on the theory that the city failed to, and did not by ordinance, author-

ize the making of the contract for the extra labor and material, but that the named trustees fraudulently represented that they "had taken all necessary steps to bind the city of Jeffersontown to pay for the work set out in the petition and amended petitions"; that after the work was completed they collected from the citizens and taxpayers of Jeffersontown the money with which to pay for the extra labor and material, described in the petition and amended petitions. By appropriate pleadings, an issue was formed, and, on a trial before a jury, a verdict was returned against D. Leichhardt, David Fenley, and P. K. Miller for $233.98, with interest. Leichhardt, Fenley, and Miller prosecute this appeal, and for reversal insist that the contract for the extra labor and material claimed by the Norheimers was for the city of Jeffersontown, and that they are not individually liable to the Norheimers; that they had not collected and received as individuals from the citizens and taxpayers the amounts owing by them on account of the extra labor and material; that the record discloses that the Norheimers had been paid by the city of Jeffersontown for the labor and material described in the petition before the institution of this action, excepting the sum of $166.02, which was tendered in court and accepted by the Norheimers.

Without determining whether the trustees, by reason of their alleged failure to adopt and publish a proper ordinance relating to the extra labor and material and the letting of the contract therefor, are liable, it is sufficient to say that it appears that a settlement of the accounts between the parties will determine the case.

The evidence in behalf of the trustees presents the names of twenty-five property owners and the amounts paid therefor by each of them to the city of Jeffersontown, aggregating $3,995.57, including one and one-half cents per square foot charged by the city to the property owners for services in superintending the work, amounting to $129.55, which, when added to the $400, the agreed price of the extra labor and material, totals $4,395.57. The evidence in behalf of the Norheimers presents a statement of the names of twenty-six property owners, and the amounts which they claim the city of Jeffersontown owed them therefor as per the written contract with it. Norheimers' statement does not include the $400, the agreed cost of extra labor and material claimed

by them. But the names of the property owners in front of whose property the Norheimers constructed sidewalks as per their written contract with the city of Jeffersontown correspond with the names of the property owners given in the statement presented by the trustees, except the name of Dud Vaughn. Norheimers' statement embraces a charge of $100.47 for sidewkalk in front of Dud Vaughn's property, which is not found in the statement presented by the trustees; Norheimers' statement embraces an item of $1,038.01; Pound's estate, whereas the statement of the trustees contains the amount collected from Mary A. Pound's estate, $896.91. Thus there is shown a difference between the Norheimer's charge for the sidewalks constructed for the Pound's estate, and the amount claimed to have been collected by the city from this estate, the sum of $141.10, which, when added to the $100.47, the cost of the construction of the sidewalk in front of Dud Vaughn's property, totals $241.10, or an amount in excess of the judgment rendered herein of $233.98 by the sum of $7.13.

Norheimers' statement includes labor and materials used on the premises of the bank. The trustees insist they have paid to the Norheimers, including the $166.02 tendered in open court, the sum of $4,266.02. The Norheimers admit that they have been paid $4,200, and that this amount includes the Dud Vaughn sidewalk at $100.-47 and the Pound estate at $1,038.01. There is no showing how or why the discrepancy of $141.10 originates between the Norheimers' charge and the city of Jeffersontown's collection of the amount chargeable to the Pound estate. It appears that the item of $100.47 had not been paid by Dud Vaughn to the city of Jeffersontown or its trustees. There appears other minor discrepancies between the items charged on Norheimers' statement of the contract prices for the sidewalks constructed by the Norheimers and the account of the amounts collected therefor by the city. No explanation of such discrepancy is furnished by the record. The trial court improperly confined the parties in the introduction of their evidence to the issue of the extra labor and material and Norheimers' charge therefor, and erroneously excluded evidence relating to the sidewalks and Norheimers' charges therefor.

Without determining, it may be stated that, according to the contention and showing of the trustees, the

total sum paid by them for the city to the Norheimers includes, not only the charges for the sidewalks, but the $400 for the extra labor and material furnished by the Norheimers.

It appears that the Norheimers instituted an action against the city of Jeffersontown, wherein they sought to recover for the extra labor and materials here involved, and that it was adjudged that the city was not liable therefor, because no ordinance was adopted authorizing the contract by virtue of which same were furnished. Even if this be so, it is satisfactorily shown by the evidence now before us that the city by and through its board of trustees collected the cost thereof of the property owners. Therefore, the city should be regarded as holding the same for the use and benefit of the Norheimers, and are liable to them therefore at least to the extent of the amount collected. It appears that neither the charges for the sidewalks which were constructed by the Norheimers as per their valid written contract with the city nor their agreed price of $400 for the extra labor and material have been finally and properly adjusted by the parties. It is shown that there are unexplained differences in the accounts of the parties. Therefore it is our conclusion that a correct, fair, and just adjustment of the accounts of both the appellants and appellees will be best served by tranferring to equity the action for adjudication and settlement of their accounts. A jury cannot properly settle the many items of accounts of the parties. The city of Jeffersontown is a necessary and proper party. If either party desires to do so, they may amend the pleadings and offer such other or additional competent evidence as they may desire.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.